1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM DAVIDSON,                )
                                 )
                                 )
          Plaintiff,             )        2:11-cv-00148-JCM-RJJ
                                 )
vs.                              )
                                 )        **ORDER**
PAROLE AT NEVADA,                )
                                 )
          Defendant.             )
_____/

17       This is styled as a prisoner civil action.  Plaintiff has failed to submit an application to

18  proceed *in forma pauperis* on the required form or pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1)-(2);

19  Local Rules of Special Proceedings 1-1, 1-2.  Even in the absence of an application to proceed *in forma*

20  *pauperis*, the court must dismiss the complaint with prejudice as it is factually frivolous.  The court now

21  reviews the complaint.

22  **I. Screening Standard**

23       Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

24  prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

25  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

26  is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an

arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9ᵗʰ Cir. 1989).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9ᵗʰ Cir. 1995).

**II.  Instant Complaint**

Plaintiff, who is detained at Clinton Correctional Facility in Dannemora, New York, has sued "Parole at Nevada c/o New York Defendant." Plaintiff partially uses this court's civil rights complaint form, and under count I lists "the bail that leaves to Las Vegas to file if I am allowed I am a incompleted cert. To due process at less" and under supporting facts includes: "It is no real confinement to clause a significant piece of visiting the promotion into letters that violate people that escape at having

no women but are gay (fags) to up in jail not restricted to leave me alone.  The people are (gay-those) into taking broke money they are broke and want more money to no assistance at the vacated partial doing."   He continues for more than twenty pages, listing several "counts," none of which are decipherable.

Accordingly, lack of an application to proceed *in forma pauperis* notwithstanding, the court finds that plaintiff's allegations are fantastic, delusional and irrational.  This complaint must be dismissed with prejudice as frivolous, as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

## III.  Conclusion

IT IS THEREFORE ORDERED that plaintiff's complaint is **DISMISSED with prejudice** as delusional and factually frivolous.

IT IS FURTHER ORDERED that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED this 4th day of February, 2011.

UNITED STATES DISTRICT JUDGE